## FLORES v. UNITED STATES.

### Civ. No. 1927.

United States District Court,
D. New Mexico.

May 23, 1952.

P. H. Dunleavy, Albuquerque, N. M., for plaintiff.

Maurice Sanchez, U. S. Dist. Atty., Albuquerque, N. M., Edward E. Triviz, Assistant U. S. Dist. Atty., Albuquerque, N. M., for defendant.

HATCH, District Judge.

### Findings of Fact

#### I

Plaintiff brings this action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover for injuries sustained by him as a result of an explosion of an undetonated nose bomb fuse and burster within section 19, Township 11 North Range 2 East, Bernalillo County, New Mexico; and earnestly urges the adoption by the Court of a theory which, in fact, would amount to making the government liable within the doctrine of absolute liability. The government pleads and contends that this court is without jurisdiction for the reason (a) that the claim of plaintiff is not properly brought pursuant to the Federal Tort Claims Act as it fails to

allege and show his injuries were "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," and (b) that the action comes within the exceptions enumerated in Section 2680(a), Title 28 U.S.C.A. of the Act. Denying negligence of the part of any employee of the United States as proximately causing plaintiff's injuries, the government further contends that the proximate cause of plaintiff's injuries were his own independent acts and, in addition, pleads contributory negligence on the part of the plaintiff.

II

Said section 19 is located on mesa land, commonly referred to as "West Mesa," west of the Rio Grande and north of Highway 66, approximately sixteen miles from the western edge of the City of Albuquerque, New Mexico. Such section was a part of an area comprising some 10,456.11 acres leased for use as a practice bombing and/or gunnery range for aircraft by the government on December 31, 1941, from the City of Albuquerque, New Mexico, to which such area was released by the government on March 31, 1947.

III

During the time that such area was under the use and control of the government, the United States Air Force in practice bombing dropped the type of bomb from which came the nose bomb fuse and burster which the plaintiff picked up on September 15, 1951, in searching the former practice bombing range for scrap metal.

IV

Prior to the release of such area to the City of Albuquerque, New Mexico, the government through military personnel of the defense department, in accordance with standard operating or established procedure based on applicable regulations, provided and carried out the decontamination process, which, while not requiring the removal of scrap metal consisting of bomb casings and exploded materials from such range, called for the dedudding of all unexploded fuses or charges which could be found by the bomb and disposal crew assigned to the clearance of such area; and in accordance with such procedure, the reports and certificate of dedudding or clearance now in evidence as defendant's exhibit No. 12 were prepared by the proper personnel of such bomb and disposal detachment showing the work actually done in decontaminating the area and certifying that the same had been cleared of all unexploded materials reasonably possible to detect.

V

While the decontamination process was carried out according to the plan or procedure of the defense establishment, the decontamination crew must have failed to discover and discharge the unexploded nose bomb fuse and burster which the plaintiff picked up on September 15, 1951.

VI

At the time of the accident, and since December 31, 1947, the said section 19 has been and is some eight miles within the entrance to the Bond Ranch, private property of Franklin Bond & Sons, Inc., who acquired the area embracing such section and former practice bombing range on December 31, 1947 for use as grazing land. Such Ranch prior to, and at the time of the accident, was fenced and posted as private property with a sign at the entrance, through which plaintiff gained access to section 19, reading "Keep Out, Private Property".

VII

The testimony of Frank Bond, owner of the property, and his employees was that there was no encouragement given to any one to come unto the Ranch to look for and remove scrap metal consisting of bomb casings and expended materials; that, on the contrary, instructions were to exclude all trespassers, including those in search of scrap metal.

VIII

The evidence shows, however, that Gordon Bond, nephew of Frank Bond and foreman of the Bond Ranch at the time of the accident, in effect tolerated the removing of scrap metal by Manuel Arenda, who testified that between January 1951 and the date of the accident he hauled at least ten

642

truckloads of scrap metal for resale from this former practice bombing range; at a time prior to plaintiff's injuries, Gordon Bond warned Arenda that if Arenda did not quit dropping scrap on the road within the Bond Ranch, then Arenda would have to quit making any more removals.

## IX

There is no evidence indicating that plaintiff had the permission of any one connected with the Bond Ranch to go thereon and remove scrap metal resulting from the former use as a practice bombing range Nevertheless, prior to the time of the accident, plaintiff had gone thereon in search of scrap metal and on the day of the accident, September 15, 1951, plaintiff accompanied Manuel Arenda in Arenda's pickup truck in going to look for scrap metal on the Bond Ranch, which both plaintiff and Arenda knew to be private property within the former practice bombing range.

## X

On September 15, 1951, while so searching the area for scrap metal for resale, plaintiff picked up a pipe-appearing object (remains of which being plaintiff's exhibit No. 2) which was in fact an undetonated nose bomb fuse bearing the imprint "Nose Bomb Fuse" and started to use such nose bomb fuse and burster, as plaintiff testified, as he would a walking cane, thus apparently applying pressure to the fuse which was on the end of the burster touching the ground causing the explosion as a result of which plaintiff lost his right hand and suffered multi-abrasions on his right side.

## XI

At the time of such accident plaintiff was approximately 49 years old and on a 60-day leave of absence, obtained on August 15, 1951 due to an arthritic condition from his employment as a boilermaker with the Atchison, Topeka and Santa Fe Railway Company in Albuquerque, New Mexico

## XII

There is no evidence of any other accident, either to other human beings or to animals, from undetonated charges which may have been left undiscovered by the de-

contamination crew on the former practice bombing range.

Summarizing the evidence warrants the following general conclusion:

Without the permission of any one connected with the Bond Ranch plaintiff, accompanying Manuel Arenda, went unto such Ranch, which both plaintiff and Arenda well knew to be private property, fenced and posted as such, embracing the former practice bombing range, in search of scrap metal for sale, including the nose bomb fuse, marked as such, which the decontamination crew failed to discover and explode and which plaintiff picked up and caused to explode resulting in the injuries complained of.

## Conclusions of Law

1. This Court has jurisdiction.

2. The burden was upon plaintiff to produce evidence and establish by a preponderance of proof that his injuries were caused by the negligent or wrongful act or omission of some employee of the Government while acting within the scope of his office, or employment, and under the evidence of record plaintiff has failed to satisfy such burden.

3. The evidence shows that employees of the government carried out the decontamination process with due care in accordance with established procedure; and the failure of such employees to discover and discharge an undetonated charge or two on a former practice bombing range with the result that a 49-year old man in search of scrap metal on private property, which he knew embraced such former practice bombing range, picked up and handled an unexploded nose bomb fuse, marked as such, was not negligence on the part of the government as a matter of law. In this connection the court cannot adopt the theory earnestly urged by plaintiff which, in fact, would amount to making the government liable within the doctrine of absolute liability, for under the Federal Tort Claims Act such doctrine is not applicable. Consequently, without a showing of negligence plaintiff cannot prevail.

4. Even though it were to be considered that defendant might have been

guilty of negligence within the provisions of the Federal Tort Claims Act, the evidence would, and does, further show that plaintiff was guilty of contributory negligence to the extent that he could not recover.

Attorneys for defendant will prepare appropriate judgment in favor of defendant in conformity with the foregoing findings of fact and conclusions of law and present to the Court for signing and entering at Albuquerque, New Mexico.